NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000164**
**29-FEB-2012**
**10:59 AM**

NO. CAAP-11-0000164

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIE JONES, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0079; CRIMINAL NO. 95-1384)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Willie Jones (**Jones**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Order Denying Third Rule 40 Petition**), filed on February 16, 2011, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On November 22, 1995, Jones was convicted of Sexual Assault in the First Degree and Kidnapping. Jones was sentenced to an extended term sentence, pursuant to HRS § 706-662(4), of life with the possibility of parole for Sexual Assault in the First Degree and twenty years of incarceration for Kidnapping.

In his direct appeal, Jones argued, *inter alia*, that extended term sentencing violated his due process rights.

---

[1] The Honorable Dexter D. Del Rosario presided.

Jones's conviction was affirmed in a summary disposition order by the Hawai'i Supreme Court on June 9, 1997, in S.Ct. No. 20090.

On November 5, 1998, Jones filed a Petition for Post-Conviction Relief (**First Petition**), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (**HRPP**).  In his First Petition, Jones argued that he was denied effective assistance of trial counsel and appellate counsel.  On June 7, 2000, the First Petition was denied.  On June 7, 2002, the Hawai'i Supreme Court affirmed the denial of the First Petition in a summary disposition order filed in S.Ct. No. 23533.

On October 18, 2005, Jones filed another Petition for Post-Conviction Relief (**Second Petition**).  Jones claimed that he was denied his right to effective assistance of counsel at trial and on appeal.  On March 15, 2006, the Second Petition was denied.

On October 29, 2009, Jones filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody (**Third Petition**), pursuant to HRPP Rule 40.  In his Third Petition, Jones claimed that:  (1) his constitutional rights under the Hawaii State Constitution and his Fifth and Sixth Amendment rights under the United States Constitution were denied when his sentence was enhanced based on factors other than a prior conviction; (2) he was denied his constitutional right to effective assistance of counsel on his appeal of his First Petition; and (3) he was denied his right to effective assistance of counsel on his direct appeal.  Jones's stated reason for raising these grounds for the first time is that he "did not learn about the Apprendi case until after my first appeal and first Rule 40 petition were denied.  Both my trial and appellate counsel failed to raise the issue."

On February 16, 2011, the Circuit Court issued the Order Denying Third Rule 40 Petition.  Jones timely filed this appeal.

On appeal, Jones contends the Circuit Court erred by denying his Third Petition because: (1) he was entitled to have _Apprendi v. New Jersey_, 530 U.S. 466 (2000), applied to his case; (2) he was denied effective assistance of counsel on the appeal from the denial of his First Petition; and (3) he was denied effective assistance of counsel in his direct appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jones's points of error as follows:

"The holding in _Apprendi_ clearly does not apply retroactively in proceedings which collaterally attack a sentence." _Loher v. State_, 118 Hawai'i 522, 534 n.10, 193 P.3d 438, 450 n.10 (App. 2008) (citing _State v. Gomes_, 107 Hawai'i 308, 312, 113 P.3d 184, 188 (2005)).

Jones does not cite any authority to support his claim that he has a right to effective assistance of counsel in a post-conviction proceeding, pursuant to HRPP Rule 40. Even if Jones was entitled to effective assistance of counsel for a petition pursuant to HRPP Rule 40, he has not identified an error or omission by counsel "resulting in the withdrawal or substantial impairment of a potentially meritorious defense." _See Briones v. State_, 74 Haw. 442, 465-66, 848 P.2d 966, 977 (1993).

Jones's claim that he was denied effective assistance of counsel in his direct appeal was previously raised and ruled upon in his First and Second Petitions. Therefore, relief is not available pursuant to HRPP Rule 40. HRPP Rule 40(a)(3); _Stanley v. State_, 76 Hawai'i 446, 450-51, 879 P.2d 551, 555-56 (1994).

Even if Jones's counsel in his direct appeal and on appeal of his First Petition had raised arguments similar to or based upon _Apprendi_, "under then-existing Hawai'i law, his arguments would have been rejected." _Loher_, 118 Hawai'i at 538, 193 P.3d at 454. Therefore, counsel was not ineffective. _Id._

3

For these reasons, we affirm the Circuit Court's February 16, 2011 Order Denying Third Rule 40 Petition.

DATED:  Honolulu, Hawai'i, February 29, 2012.

On the briefs:

Emmanuel G. Guerrero
for Petitioner-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

4